PINE BLUFF AERIE No. 209 FRATERNAL ORDER OF EAGLES *v.* DREYFUS.

Opinion delivered November 15, 1909.

LANDLORD AND TENANT—LEASE BY ADMINISTRATRIX—PARTIES.—Where an administratrix, in signing a lease of her own realty, described herself

"administratrix," etc., she could elect to treat the contract as her own and sue upon it in her individual name.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*T. M. Hooker,* for appellant.

The attempt in this case to lease the property for five years was not binding. It would require an order of the probate court to authorize a lease of it, and then it could not extend beyond a period of one year. Kirby's Dig., § 82; 34 Ark. 204; 64 Ark. 353. The lease was executed in appellee's representative capacity, and this suit so prosecuted, and she cannot now be heard to say that she is not proceeding for the estate, but in her individual capacity, or that, being the owner of the property, she is therefore entitled to enforce what is otherwise a void contract. 5 Ark. 475; 11 Ark. 425. An administrator cannot bind his estate by his individual contract. 64 Ark. 436; 61 Ark. 410; 62 Ark. 451. See also 46 Ark. 373. If the contract could not be enforced against the appellee, then the appellant was not bound.

*Irving Reinberger,* for appellee.

Appellant will not be relieved from payment of rents by restoration of the premises, nor on the ground that the lease is void because an executor or administrator cannot lease real estate for a longer term than one year. 33 Ark. 627; 12 Am. & Eng. Enc. of L. 751; 92 U. S. 107; 42 Ark. 289. The lease was appellee's personal contract, and the use of the word "executrix" in naming herself in the contract was mere surplusage. 7 Am. & Enc. of L. 337; 7 *Id.* 365, 366. Where the complaint discloses a cause of action in the plaintiff personally, although describing herself in her representative capacity, the descriptive words may be rejected. 104 N. Y. 543; 53 N. C. 302; 15 L. R. A. 850. Having paid the bequests, and there being no debts against the estate, appellee had no control over the land in her official capacity. 46 Ark. 373; 32 Ark. 337.

HART, J. This suit was begun in a justice of the peace court by appellee to recover the sum of $140 alleged to be due her by appellant on a lease contract. From the judgment rendered in her favor an appeal was taken to the circuit court, where

there was a trial *de novo* upon the following agreed statement of facts:

That prior to the 21st day of September, 1904, Leon Dreyfus was the owner of a building situated at 208 West Barraque Street, the same being situated on a part of lot two, block 20, original town of Pine Bluff, Arkansas. That prior to the said date aforesaid the said Leon Dreyfus departed this life, leaving a will making his wife, Mrs. Leon Dreyfus, executrix under said will and only legatee and devisee, excepting he left one dollar ($1) each to his two children, which has been paid by her, one of which died, and the other one is married. That on the 21st day of September, 1904, the plaintiff and the defendant entered into a contract with each other by which the entire second story of the property hereinbefore described was leased by the plaintiff to the defendant for a period of five years from that date at a rate of twenty dollars per month, which rent was due and payable on the 15th day of each month in advance. Said lease was entered into without any order of court. A copy of said lease is hereto attached and made a part of this statement of facts. That the defendant had quiet and peaceable possession of the same, and that on the 15th day of March, 1907, the defendant tendered to the plaintiff the leased premises and keys thereto, which the plaintiff refused, and defendant at the same time gave plaintiff a written notice that it would no longer be responsible for the rent; and that said building was subject to plaintiff's order and control. That the defendant had paid rent up to and including March 14, 1907 (same being the term during which defendant occupied the building), and at the time of the trying of this suit seven months had passed since the 14th of March, 1907.

The circuit court sitting as a jury found in favor of appellee, and an appeal has been taken to this court from the judgment rendered.

The lease contract shows that it was executed by Mrs. Leon Dreyfus, administratrix and executrix of the estate of Leon Dreyfus, deceased; but the property had become her property under the will of Leon Dreyfus, deceased, and the contract thus became her individual contract. The words "administratrix," etc., were words of personal description, and the appellee might

elect to treat them as such. *Bailey* v. *Gatton,* 14 Ark. 180. See also 18 Cyc. 980 and cases cited in note 21.

The record in the present case shows that appellee treated the lease as her individual contract, and that she has prosecuted this suit in her individual name and for her own benefit. The judgment, both in the justice court and in the circuit court, was rendered in favor of Mrs. Leon Dreyfus.

There is no error in the record, and the judgment will be affirmed.